CULPEPPER, Judge.
Plaintiff seeks workmen’s compensation benefits for total and permanent disability. From an adverse judgment, plaintiff appeals.
The substantial issue is whether plaintiff was disabled beyond the date on which workmen’s compensation payments were terminated.
The facts show that the plaintiff, a large, strong male, 29 years of age, was working as a laborer on a construction job. On August 28, 1968, while attempting to move a large timber or post, his foot caught in something and he fell back on a pile of lumber, injurying his back.
He was seen initially by a physician in Baton Rouge where the accident occurred. Then he returned to his home in Opelou-sas, where he was seen on October 31, 1968 by his family physician, Dr. D. J. de-Blanc, a general practitioner. Dr. deBlanc diagnosed a low back injury for which he prescribed drugs for pain and muscle relaxation. Thereafter, he continued to see and treat plaintiff and persisted in the opinion that plaintiff was still disabled for hard manual labor on the date of the trial of this case, October 9, 1969, due to a low back strain superimposed on a spondylolythesis (slippage of the vertebrae) of L5 on SI.
*122 On request of plaintiff’s attorney, he was seen on February 17 and August 19 of 1969 by Dr. George P. Schneider, an orthopedic surgeon of Lake Charles. This physician also diagnosed a straining injury of the lower back superimposed on a spondyloly-thesis of L5 on SI, which he found to be disabling for hard manual labor.
On the request of defendant, plaintiff was seen on December 23, 1968, by Dr. Fred C. Weber, an orthopedic surgeon of Lafayette. This physician found a spondylolysis of LS. He explained that “spondylolysis” is a mere defect of the vertebrae. “Spon-dylolythesis” is the slippage or displacement of one vertbrae over another. In this case, Dr. Weber found only a very slight forward slippage of L5. He expressed the opinion that plaintiff had recovered from any low back strain suffered at the time of the accident and was able to return to hard manual labor.
Under the provisions of LSA-R.S. 23 :- 1123, the district judge appointed Dr. Irvin Cahen, an orthopedic surgeon of New Orleans, who examined plaintiff on June 20, 1969. Dr. Cahen has very impressive qualifications, including certification by the American Board of Orthopedic Surgery, Chairman of the Orthopedic Department of Touro Infirmary Hospital, Senior Orthopedic Surgeon at Charity Hospital, LSU Division; and Chairman of the Department of Orthopedic Surgery at Louisiana State University Medical School. He expressed the opinion that plaintiff had only spondy-lolysis of L5 and there was no slippage, i. e., no spondylolythesis. He found no muscle spasm, atrophy or other clinical symptoms of injury and expressed the opinion that plaintiff could return to hard manual labor.
The lay evidence consisted principally of testimony of various friends of the plaintiff who said he worked regularly before the accident but had not worked since. However, the district judge found “the lay testimony is not impressive”, and we agree.
We find no manifest error in the conclusion of the trial judge that plaintiff has failed to sustain his burden of proving disability beyond January of 1969, when defendant terminated workmen’s compensation payments following receipt of a report from Dr. Weber.
Plaintiff has filed in this court a motion to remand the case to the district court for the taking of additional evidence. He attaches to his motion certain hospital and doctors’ reports following a second injury to plaintiff on June 5, 1970, when the tractor he was driving was struck by an automobile. Apparently the contention is that following this second accident the doctors have diagnosed nerve root pressure in the lumbosacral area and say this may be related partially to the 1968 accident at issue in the present case.
The defendant has filed an opposition to the motion to remand, attaching an affidavit that plaintiff has returned to work. In view of the very thorough medical evidence relating to the 1968 injury and the very nebulous basis for the contention that residuals from that injury play any part in his present disability, resulting from the 1970 accident, we do not think this is a proper case to remand for additional evidence.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.